IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00127-WYD-MEH

MARK BUBEN,

 Plaintiff,

vs.

CITY OF LONE TREE;
LONE TREE POLICE DEPARTMENT;
DWIGHT BERRY, Individually and in his Official Capacity as Officer;
SCOTT CAVENAH, Individually and in his Official Capacity as Sergeant;
DAVID BROWN, Individually and in his Official Capacity as Commander;
STEPHEN P. HASLER, Individually and in his Official Capacity as Chief of Police,

 Defendants.

---

**STIPULATION AND PROTECTIVE ORDER**

---

  Each Party and each Counsel of Record move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

  1. In this action, at least one of the Parties has sought and/or may seek Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests, or that discovery and dissemination of such information would improperly annoy, embarrass, or oppress the Parties. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") identified in accordance with paragraph 3 of this Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. attorneys actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c. the parties, including designated representatives for the defendants;

   d. expert witnesses and consultants retained in connection with this proceeding,

     to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

  e. the Court and its employees ("Court Personnel");

  f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

  g. deponents or witnesses.

  5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than the Parties, Parties' counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed Affidavit (in the form attached hereto) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such original Affidavits shall be retained by counsel and shall be subject to *in camera* review by the Court if opposing counsel demonstrates good cause for review.

  6. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, those listed in paragraph 4 above shall hold Confidential Information in confidence and shall not divulge, communicate, or disclose in any manner the Confidential Information, either verbally or in writing, directly or indirectly, to any other person, entity or government agency unless authorized to do so by this Protective Order or other court order. Confidential information shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever.

  7. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed.

8. During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 5 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel who maintains the list disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court.

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

10. During pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 9 above.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under

this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. Within thirty (30) days after the conclusion of this litigation, unless other arrangements are agreed upon, each document and copies thereof which have been designated as CONFIDENTIAL shall be stored in a manner which will preclude others from obtaining such documents in accordance with this Protective Order. Moreover, copies of all deposition transcripts referring to the CONFIDENTIAL documents shall be sealed by counsel and shall be subject to the terms and provisions of this Protective Order. All documents and information that have been designated CONFIDENTIAL shall be maintained under seal and destroyed in the regular course of business seven (7) years after the termination of this litigation. As set forth in paragraph 13, the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

This Stipulated Protective Order may be modified by the Court at any time, for good cause shown, following notice to all parties and an opportunity for them to be heard.

Dated in Denver, Colorado, this 9th day of March, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States District Court

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| s/ Steven M. Zapiler | s/ Thomas S. Rice |
| Steven M. Zapiler | Thomas S. Rice |
| **ZAPILER FERRIS, L.L.P.** | |
| 201 Steele Street, Suite 201 | |
| Denver, Colorado 80206 | s/ Courtney B. Kramer |
| Telephone: (303) 333-4488 | Courtney B. Kramer |
| Facsimile: (303) 333-7488 | **SENTER GOLDFARB & RICE, L.L.C.** |
| E-mail: steven@zapilerferris.com | 1700 Broadway, Suite 1700 |
| *Counsel for Plaintiff* | Denver, Colorado 80290 |
| | Telephone: (303) 320-0509 |
| | Facsimile: (303) 320-0210 |
| s/ Gary L. Armstead | E-mail: trice@sgrllc.com |
| Gary L. Armstead II | ckramer@sgrllc.com |
| | *Counsel for Defendants* |

s/ John Cardinal Parks
John Cardinal Parks
**McELROY DEUTSCH MULVANEY & CARPENTER, L.L.P.**
1700 Broadway, Suite 1900
Denver, Colorado 80290
Telephone: (303) 293-8800
Facsimile: (303) 839-0036
E-mail: garmstead@mdmlawco.com
           jparks@mdmlawco.com
*Counsel for Plaintiff*

# AFFIDAVIT

STATE OF COLORADO   )
                    )ss
COUNTY OF           )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:
_____

_____
Telephone No.: (\_\_\_\_\_) _____

***SUBSCRIBED AND SWORN*** to before me this _____ day of _____, 2006, by _____.

WITNESS my hand and official seal.

_____
Notary Public
My commission expires: _____

[SEAL]