IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00127-WYD-MEH

MARK BUBEN,

    Plaintiff,

v.

CITY OF LONE TREE,
LONE TREE POLICE DEPARTMENT,
DWIGHT BERRY, individually and in his official capacity as an officer,
SCOTT CAVENAH, individually and in his official capacity as Sergeant,
DAVID BROWN, individually and in his official capacity as Commander, and
STEPHEN P. HASLER, individually and in his official capacity as Chief of Police,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Strike Plaintiff's Untimely Supplemental Expert Reports [filed November 9, 2010; docket #87]. The matter is referred to this Court for disposition. (Docket #88.) The motion is briefed to the extent required by the Court, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **DENIES** Defendants' motion.

**I.    Background**

This case arises from events on January 19, 2006, including allegations of the excessive use of force by Defendant Lone Tree police officers resulting in Plaintiff falling from a balcony. (*See* docket #22 (Pl. Am. Compl.).) This matter is set for a jury trial commencing on January 10, 2011. (Docket #83.) In the motion at hand, Defendants ask the Court to strike as untimely Plaintiff's supplemental expert reports disclosed on December 4, 2009. (*See* docket #87.)

The discovery cut-off in this case was September 30, 2009, with initial expert disclosures due July 15, 2009, and rebuttal expert disclosures due August 14, 2009.  (Dockets ##26, 46.)  The Court entered a Pretrial Order on December 17, 2009.  (Docket #71.)  Exhibit A to the Pretrial Order indicates Plaintiff named five experts who will be present at trial: Peter Alexander, Ph.D., Judy Lockwood, Ronald L. Seigneur, CPA, Ed Tatosian, and Hal Wortzel, M.D.  (Docket #71-1 at 6-7.)  Defendants filed objections to Plaintiff's exhibits to the Pretrial Order on January 19, 2010.  (Docket #76.)  Relevant to the matter at hand, Defendants objected to Mr. Seigneur's report of economic damages for Plaintiff, dated December 3, 2009, based on Fed. R. Evid. 403 and 802; the supplemental vocational evaluation report dated November 13, 2009, by Ms. Lockwood, also pursuant to Fed. R. Evid. 403 and 802; and a letter by Dr. Wortzel to John Parks, dated December 2, 2009, again pursuant to Fed. R. Evid. 403 and 802.  (*Id*. at 10.)

Defendants recount that Plaintiff timely disclosed the expert reports of Ms. Lockwood, Dr. Wortzel, and Mr. Seigneur on July 15, 2009.  (Docket #87 at 2.)  These three experts were deposed before the close of discovery.  (*See id*.)  Plaintiff then submitted supplemental reports by Ms. Lockwood, Dr. Wortzel, and Mr. Seigneur on December 4, 2009.  (*Id*. at 3.)  Defendants believe that because the supplemental reports were disclosed after the close of discovery and outside of the expert discovery deadlines, the supplements should be stricken.  Moreover, Defendants contend that the supplements stray from the scope of the original reports and contain information that was available to Plaintiff within the set deadlines.  (*Id*.)  Defendants bring this motion pursuant to Fed. R. Civ. P. 37 and WYD Practice Standard, Section III(C)(1).[1]  (*Id*. at 1.)

Defendants assert that Plaintiff cannot meet the standard for supplementation articulated in Fed. R. Civ. P. 26(e), in that the supplemental reports "do not indicate that the information contained

---

[1] Chief Judge Daniel's Practice Standard Section III(C)(1) governs the timing of motions in limine.

2

within the original reports is incorrect . . . [but] attempt to bolster the initial reports and add additional opinions." (*Id*. at 6.) Defendants claim they are prejudiced by the need to re-depose these three experts regarding the opinions within the supplemental reports. (*Id*. at 8.) Defendants contend Plaintiff's untimely disclosure "frustrates the purpose of Rule 26(a)(2)." (*Id*. at 10.)

In response, Plaintiff avers that the supplemental reports each contain only one substantive addition to the initially disclosed expert reports. (Docket #92 at 2.) Plaintiff believes the supplements were timely disclosed pursuant to Rule 26(e)'s requirement that additions or changes to expert reports "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." (*Id*. at 7.) Plaintiff asserts that the deadline for supplementing expert reports was thus December 10, 2009, five business days before the Final Pretrial Conference held December 17, 2009. (*Id*. at 8.) Plaintiff suggests that the factors enumerated in *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985 (10th Cir. 1999) govern the Court's analysis, in the alternative. (*Id*. at 10.) Under these factors, Plaintiff contends that the Court should deny Defendants' motion to strike.

As stated below, the Court agrees with Plaintiff and denies Defendants' motion.

**II.   Analysis**

Fed. R. Civ. P. 26(a)(2) requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them . . . ." Under Rule 26(e)(2), a party is under the ongoing duty to supplement a Rule 26(a)(2) expert report with "[a]ny additions or changes . . . by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Here, pursuant to D.C. Colo. LCivR 26.1B, "[t]he tendering of a proposed final pretrial order . . . shall satisfy the requirement of Fed. R. Civ. P. 26(a)(3) that pretrial disclosures be filed with the court." As the proposed final pretrial order was due in this matter on or before December 10, 2009, the Court concludes that December 10, 2009, was the governing deadline for any Rule 26(e)(2)

3

supplementation. (*See* dockets ##16, 26.)

In short, Defendants assert that the three supplemental reports are not actually supplemental, but are, in essence, additional expert reports submitted out of time. As such, Rule 37(c)(1) would preclude the use of these untimely reports "at a hearing, or at a trial, unless the failure [to timely disclose] was substantially justified or is harmless." Thus, the Court first evaluates whether the information in the supplemental reports submitted by Plaintiff falls within Rule 26(e)(2)'s parameters of "additions or changes," or, as contended by Defendants, the supplemental reports constitute an impermissible "attempt to bolster the initial reports." (*See* docket #87 at 6.)

After review of both the initial expert reports and the supplemental expert reports included with Defendants' motion, the Court agrees with Plaintiff's characterization of the supplements and concludes the supplements comport with the purpose of Rule 26(e)(2). Ms. Lockwood's supplement modifies her initial opinion that Plaintiff's "lower range of . . . pre-injury earning capacity" is $71,000; after review of additional financial information, Ms. Lockwood concludes the lower range is $47,500 per year. (*See* docket #87-6 at 3; *see also* docket #37 at 4.) Dr. Wortzel's supplementation indicates his opinion that the "[t]reatment rendered to [Plaintiff] in the aftermath of his fall represents medically necessary and appropriate interventions to treat the injuries sustained." (Docket #87-7 at 1-2.) This statement does not impress the Court as so far removed from Dr. Wortzel's initial expert report which, at sixteen pages of comprehensive evaluation, does not appear to be a "preliminary" report as suggested by Defendants. (*See* docket #87-3; *see also* docket #92 at 6-7.) Mr. Seigneur's supplemental report relies on the supplement provided by Ms. Lockwood. (*See* docket #87-8.) Mr. Seigneur modifies his initial finding that Plaintiff's range of economic loss is $1,430,000 - $2,258,000; Mr. Seigneur now determines the range of economic loss related to the events in January 2006 is $1,036,000 - $2,258,000. (*See* dockets ##87-4 at 2, 87-8 at 2; *see also* docket #92 at 4.)

The Court agrees with Plaintiff's characterization of the supplemental information as more *de minimis* and less bolstering in nature, particularly because the two supplemental economic conclusions favor Defendants as they are decreased in value. The Court further accepts Plaintiff's chronology of discovery in this matter, demonstrating counsel was indeed diligent in discovery efforts. Therefore, the Court finds that the three supplemental reports disclosed by Plaintiff on December 4, 2009, are supplemental within the meaning of Rule 26(e)(2) and are thus timely submitted to Defendants before the filing of the proposed pretrial order.

In the interests of a thorough evaluation, the Court further decides that even if it were to find the supplemental reports are in actuality full expert reports, thereby rendering the initial reports "preliminary," the Court agrees with Plaintiff that the Tenth Circuit's analysis in *Woodworker's* is the correct analysis for this matter. The Court finds that an evaluation of the *Woodworker's* factors leads to the same result, that is, denial of Defendants' motion.

Defendants bring this motion pursuant to Rule 37. "Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation if justified or harmless." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952-53 (10th Cir. 2002) (citing Fed. R. Civ. P. 37(c)). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc.*, 170 F.3d at 993 (citation omitted).

> A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. . . . Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.* (citations omitted). The Court determines that the four factors weigh in favor of denying Defendants' motion, substantially for the reasons stated in Plaintiff's response. (*See* docket #92 at

11-13.)

Although Defendants object to the supplemental reports in their January 2010 objections to Plaintiff's witness list attached to the pretrial order, the Court finds it notable that Defendants choose to bring their motion to strike nearly eleven months from the date of the supplemental disclosures. The delay in bringing this motion leads the Court to believe that Defendants' argument is somewhat disingenuous, particularly their suggestion of prejudice, in light of the correspondence between counsel indicating that Plaintiff offered an additional deposition of Dr. Wortzel (and Ms. Lockwood and Mr. Seigneur, if requested) in February 2010.  (*See* docket #92-1 at 7.)

### III.    Conclusion

For the reasons stated above, the Court finds that Plaintiff's supplemental expert reports disclosed on December 4, 2009, are supplemental within the meaning of Rule 26(e)(2) and are timely disclosed.  In any event, even if the Court were to find the supplements exceed the scope of Rule 26(e)(2) and were thus untimely, the Court determines a balancing of the *Woodworker's* factors in consideration of Rule 37(c) favors denial of Defendants' motion to strike.  Accordingly, the Court **DENIES** Defendants' Motion to Strike Plaintiff's Untimely Supplemental Expert Reports [filed November 9, 2010; docket #87].

Dated at Denver, Colorado, this 19th day of November, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge