IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-00127-WYD-MEH

MARK BUBEN,

    Plaintiff,

v.

CITY OF LONE TREE;
LONETREE POLICE DEPARTMENT;
DWIGHT BERRY, Individually and in his Official Capacity as an Officer;
SCOTT CAVENAH, Individually and in his Official Capacity as Sergeant;
DAVID BROWN, Individually and in his Official Capacity as Commander; and
STEPHEN P. HASLER, Individually and in his Official Capacity as Chief of Police,

    Defendants.
_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Objection to Bill of Costs, and Motion for Determination of Indigence, filed March 17, 2011 [ECF No. 161].  Defendants filed a response on March 18, 2011.

I note that an Amended Judgment entered in this case on February 7, 2011, granting judgment in favor of Defendants, dismissing this action with prejudice, and awarding Defendants their costs.  Defendants filed a proposed Bill of Costs on February 10, 2011, and following a costs hearing on March 9, 2011, Costs were taxed against Plaintiff in the amount of $10,967.46.  Plaintiff notes that at the costs hearing, he asserted a general objection to the Bill of Costs on the basis that he is indigent, and the Clerk of Court found that this issue must be determined by the Court.

In the instant motion, Plaintiff contends that he should be excused from paying

Defendants' costs based on indigence. Plaintiff's motion is not an objection to the costs taxed, but a request that I alter or amend the Amended Judgment. Pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend judgment must be filed no later than 28 days afer the entry of the judgment. Because the instant motion was filed more than 28 days after entry of the Amended Judgment, I must consider the motion under Rule 60(b)(6), which provides that, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . [for] any other reason justifying relief from the operation of the judgment." However, even construing Plaintiff's motion as a request for relief under Rule 60(b), I find that Defendants should be awarded their costs in this case.

Rule 54(d) creates a presumption that the district court will award costs to the prevailing party. Where the district court exercises its discretion and declines to award costs, it must provide a valid reason for doing so. *Cantrell v. Int'l Brotherhood of Electrical Workers*, 69 F.3d 456, 459 (10th Cir. 1995). While the Tenth Circuit noted in *Cantrell* that indigence might be a valid reason for refusing to exercise costs, I decline to exercise my discretion to deny costs in this case. I have reviewed the Affidavit provide by Plaintiff and note that while he may be unable to satisfy a judgment for costs this time, I cannot find that he will be unable to satisfy such a judgment at some point in the future.

Therefore, for the reasons set forth herein, it is hereby

ORDERED that Plaintiff's Objection to Bill of Costs, and Motion for Determination of Indigence, filed March 17, 2011 [ECF No. 161] is **DENIED**.

Dated: April 5, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge